**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| JOSEPH J. SEKLECKI, JR., )<br>        *Plaintiff* )<br>)<br>v. )<br>)<br>CARRINGTON MORTGAGE )<br>SERVICES, LLC and SELENE FINANCE LP, )<br>        *Defendants* )<br>) | CIVIL ACTION NO.:<br><br>**COMPLAINT**<br>**AND DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1. This is an action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§1692a et seq., the Massachusetts Fair Debt Collection Practices Act, C. 93 §49 and for violation of the Bankruptcy Code Discharge Injunction 11 U.S.C. §524(a), seeking actual damages, statutory damages, attorney's fees and costs.

2. This action challenges the Defendant's practices of engaging in collection activity on debt that has been discharged in Bankruptcy.

3. The Defendants are mortgage servicing companies that engage in the servicing and collection of defaulted mortgage loans.

4. Upon information and belief, servicing rights on delinquent debts are frequently sold.

5. Upon information and belief, servicers that purchase rights to service delinquent mortgage debt do nothing to determine the validity of the purchased accounts.

## JURISDICTION

6. Plaintiffs invoke the jurisdiction of this court pursuant to 28 U.S.C. § 1332 inasmuch as it presents a federal question

7. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b)(2) because a

substantial part of the events giving rise to the claims occurred here, including the Plaintiff's bankruptcy case, and because the Defendant is doing business within the District.

## PARTIES

8.  The Plaintiff, Joseph J. Seklecki, Jr. is an individual who was a debtor in the bankruptcy case filed in this District while he was residing at 32 Wilson Avenue, Westfield, MA. His current address is 4221 Oriole Avenue, Port Orange, FL (hereinafter "Plaintiff").

9.  The Defendant, Carrington Mortgage Services, LLC (hereinafter, "Carrington") is a foreign limited liability company with offices at 1610 E. Saint Andrew Place, Suite B-150, Santa Ana, CA, it is engaged in the business of consumer finance in the Commonwealth of Massachusetts and in other States.

10. The Defendant, Selene Finance, LLP (hereinafter, "Selene") is a foreign limited liability company with offices at 400, 9990 Richmond Avenue, Houston, TX, it is engaged in the business of consumer finance in the Commonwealth of Massachusetts and in other States.

## FACTUAL BACKGROUND

11. Joseph J. Seklecki, Jr. filed a bankruptcy case in this district on May 8, 2009.

12. Mr. Seklecki listed real estate in Florida located at 211 S. State Road #415, New Smyrna Beach ("Florida Real Estate") on his bankruptcy schedules and indicated his intention to surrender the real estate.

13. The Florida Real Estate was subject to a mortgage held by non-party SunTrust Mortgage, Inc. ("SunTrust").

14. SunTrust received actual notice of the bankruptcy filing and on June 8, 2009 filed a Motion for Relief from the Bankruptcy Stay in this Court. The Bankruptcy Court allowed the Motion on June 23, 2009.

15. The Plaintiffs received a Bankruptcy Discharge on or about September 4, 2009.

16. SunTrust continued collection activities and the Plaintiff was caused to file an Adversary Proceeding in the Bankruptcy Court seeking damages.

2

17. Several weeks prior to the filing of the Adversary Proceeding in the Bankruptcy Court, Mr. Seklecki began receiving telephone calls and he then received a debt collection notice from an attorney representing Carrington.

18. Upon information and belief, SunTrust Mortgage allegedly "sold' the servicing rights to Carrington on the mortgage debt that has been discharged in Bankruptcy.

19. Counsel for Mr. Seklecki contacted counsel for Carrington, by letter on December 4, 2012 and notified him that that alleged debt had been discharged in bankruptcy and that Carrington should cease collection attempts immediately.

20. Plaintiff received no further contact from counsel to Carrington and the Adversary Proceeding against SunTrust was resolved.

21. Thereafter, on or about May 8, 2014, Plaintiff received a letter from Carrington concerning the discharged mortgage loan titled "Notice of Assignment, Sale or Transfer of Servicing Rights."

22. The letter further stated that Selene Finance LP "will be collecting your mortgage loan payments".

23. Plaintiff then began receiving contacts from Selene including mortgage statements containing a "Delinquency Notice" listing past due payments and stating that the loan has been past due "since 2008-11-02".

24. Plaintiff thereafter received a Validation of Debt Notice from Selene.

25. Counsel for the Plaintiff responded on July 10, 2014 notifying Selene that Mr. Seklecki had received a bankruptcy discharge and that collection activity should cease.

## COUNT I

Violation Of The Fair Debt Collection Practice Act (FDCPA)

26. Plaintiffs repeat and re-allege every allegation above as if set forth herein in full.

27. Defendants were in this matter "debt collectors" as defined by the FDCPA.

28. Defendants were not the original creditor and the alleged assignments occurred

3

after the loan was in default.

29. Defendants are not entitled to claim the exemption in the statute that covers loan servicers because the exemption does not apply where a loan servicer acquires a loan after it has already gone into default (SEE *Shugart v. Ocwen Loan Servicing, LLC.* 747 F.Supp 2d 938, 942-43 (S.D. Ohio 2010).

30. Defendants' conduct as described in this Complaint violated the provisions of the Fair Debt Collection Practices Act.

31. The conduct on the part of the Defendants was in violation of Section 807 of the FDCPA, 15 U.S.C. §1692e(1) which provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (2) The false representation of –
>
> (A) the character, amount, or **legal status of any debt;** (emphasis supplied).

32. The legal status of the debt that Defendants were attempting to collect was that it had been discharged in bankruptcy, therefore it was not a valid debt.

33. As a result of Defendants' violations of The FDCPA, Plaintiff has suffered damages, and incurred fees and costs.

## COUNT II

Violation of the Massachusetts Fair Debt Collection Practices Act

34. Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

35. Defendants' collection activities constitute violations of the Massachusetts Fair Debt Collection Practices Act, M.G.L. c. 93 § 49, that prohibits collection or attempted collection of a debt in an unfair, deceptive or unreasonable manner.

36. Defendants are "debt collector" as defined by the statute.

37.     The debts that the Defendants attempted to collect were not valid debts at the time of the collection activity.

38.     The regulations promulgated by the Massachusetts Attorney General pursuant to the cited statute specifically prohibit the misrepresentation of the character of a debt.

39.     The regulation, 940 CMR 7.07 prohibits:

> (2) Any knowingly false or misleading representation in any communication as to the character, extent or amount of the debt, or as to its status in any legal proceeding.

40.     As a result of the Defendants' violations of the Massachusetts Fair Debt Collection Practices Act, the Plaintiffs have suffered damages and incurred fees and costs.

## COUNT III

Violation Of The Discharge Injunction

41.     Plaintiffs repeats and re-allege every allegation above as if set forth herein in full.

42.     The lender that allegedly assigned the debt to the Defendants appeared in the Plaintiffs' bankruptcy case to obtain relief from the bankruptcy stay.

43.     Each Defendant received notice from Plaintiff's counsel that the debt that was alleged to be due had been discharged.

44.     Defendant's collection activity in the form of collection calls and collection letters were willful and constitute efforts to collect discharged debt from the Plaintiff in violation of the discharge injunction of 11 U.S.C. §524(a).

45.     Specifically, Defendant violated the part of the Bankruptcy Court's Discharge Order pertaining to 11 U.S.C. §524(a)(2) which "operates as an injunction against the commencement, or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtors, whether or not the discharge of such debt is waived;…"

46. The order of the Bankruptcy Court cannot be waived, except by a properly filed and approved reaffirmation agreement, motion, stipulation, or complaint. None of these documents were filed or approved by the Court in the Plaintiffs' bankruptcy case.

47. As a result of the attempted collection of the debt, the Plaintiff has been unable to obtain new credit and has been unable to receive the benefit of the fresh start that he should have obtained once his bankruptcy discharge entered.

48. Plaintiff has been injured and damages by Defendants' actions and he is entitled to recover judgment against the Defendants for actual damages and punitive damages, plus an award of costs and reasonable attorney's fees, for violations of 11 U.S.C. §524.

## **PRAYER FOR RELIEF**

WHEREFORE, The Plaintiff respectfully request the following relief:

1. Enter judgment in favor of Plaintiffs against Defendants for actual damages, costs, and reasonable attorney's fees as provided by 15 U.S.C. §1681o;

2. Enter judgment in favor of Plaintiffs against Defendants for statutory damages, punitive damages, cost, and reasonable attorney's fees as provided by 15 U.S.C. §1681n;

3. Find that the conduct detailed in the Complaint violates the Massachusetts Fair Debt Collection Practices Act and is therefore a per se violation of M.G.L. C. 93a:

4. Find that the Defendants violated the discharge injunction and award Plaintiff actual damages, punitive damages, costs and attorney's fees; and

5. Grant the Plaintiff such other and further relief as this Court finds necessary and proper.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all issues so triable.

                Respectfully submitted,
                The Plaintiff,
                Joseph Seklecki

                By His Attorney:

                */s/ Kenneth J. Gogel*
                Kenneth J. Gogel, Esq., BBO #547968
                kgogel@gogel-gogel.com
                Gogel & Gogel
                2 Mattoon Street
                Springfield, MA 01105
                (413) 788-5683
                (413) 737-3382 (Fax)