UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH SEKLECKI, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:15-30007-MAP |
| ) | |
| CARRINGTON MORTGAGE SERVICES, ) | |
| LLC and SELENE FINANCE, LP, ) | |
| ) | |
| Defendants. ) | |

REPORT AND RECOMMENDATION WITH REGARD TO
CARRINGTON MORTGAGE SERVICES, LLC'S MOTION TO DISMISS
(Dkt. No. 11)

ROBERTSON, U.S.M.J.

In this action, plaintiff Joseph J. Seklecki, Jr. ("Plaintiff") brings claims for violation of the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692a *et seq.* ("FDCPA"), the Massachusetts debt collection statute, Mass. Gen. Laws ch. 93, § 49, and for violation of the Bankruptcy Code Discharge Injunction codified at 11 U.S.C. § 524(a)(2). Now before the court is defendant Carrington Mortgage Services, LLC's ("Carrington") Motion to Dismiss for Failure to State a Claim (Dkt. No. 11), which was referred to the undersigned for a report and recommendation (Dkt. No 16). *See* Fed. R. Civ. P. 72 and 28 U.S.C. § 636(b)(1)(B). For the following reasons, I recommend that Carrington's motion to dismiss be DENIED, without prejudice to Carrington seeking judgment on the grounds advanced in its motion to dismiss, albeit based on a more complete record.[1]

I. ALLEGATIONS IN COMPLAINT

---

[1] At the hearing on Carrington's motion to dismiss, counsel for all parties being present, a schedule for further proceedings in the case was established, including a deadline for completion of non-expert discovery and deadlines for the submission of dispositive motions and oppositions thereto. A separate scheduling order has issued.

1

Plaintiff alleges that the defendants are mortgage servicing companies that engage in the servicing and collection of defaulted mortgage loans (Dkt. No. 1, ¶ 3). Plaintiff further alleges that he filed a bankruptcy case in this district on May 8, 2009 while he was residing at 32 Wilson Avenue in Westfield (*id.*, ¶¶ 8, 11). He listed real estate located at 211 S. State Road #415, New Smyrna Beach, Florida, on his bankruptcy schedules and indicated his intention to surrender the real estate (*id.*, ¶ 12). The Florida real estate was subject to a mortgage held by SunTrust Mortgage, Inc. ("SunTrust"). SunTrust received notice of the bankruptcy filing and filed a motion for relief from the bankruptcy stay, which motion was allowed (*id.*, ¶¶ 13-14). Plaintiff received his discharge from bankruptcy on or around September 4, 2009 (*id.*, ¶ 15). He alleges that SunTrust continued collection activities after his discharge from bankruptcy, which resulted in his filing an adversary proceeding against SunTrust. Thereafter, he received telephone calls and a debt collection notice from an attorney representing Carrington. Finally, as to communications from Carrington, he received a May 8, 2014 letter concerning assignment, sale or transfer of servicing rights informing him that Selene Finance, LP would begin collecting his mortgage payments (*id.* at ¶ 16-22).

II.     DISCUSSION

At issue are Carrington's contentions that Plaintiff has failed to plead his claims against Carrington with sufficient particularity, that at least some of the FDCPA claims against Carrington are time-barred, that as a mortgage servicer, Carrington was entitled to communicate with Plaintiff for purposes of asserting rights *in rem* under a mortgage that passed through Plaintiff's bankruptcy, and that Plaintiff cannot state a claim for violation of the bankruptcy discharge injunction or the Massachusetts fair debt collection legislation because there are no private rights of action under 11 U.S.C. § 524(a)(2) or Massachusetts General Laws ch. 93, § 49.

Plaintiff responds that he has adequately alleged claims of unfair debt collections practices under federal and state law, that the continuing violation doctrine applies to illegal communications from a debt collector, and that, in any event, he received at least one communication from Carrington within the one-year limitation period, and that case law supports his entitlement to assert a claim for violation of the discharge injunction codified in Section 524(a)(2) of the Bankruptcy Code.

    i.    <u>Standard of review</u>

To survive a motion to dismiss, a complaint must "'state a claim to relief that is plausible on its face,' accepting the plaintiff's factual allegations and drawing all reasonable inferences in the plaintiff's favor." *Maloy v. Ballori-Lage*, 744 F.3d 250, 252 (1st Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint need not contain detailed factual allegations, but it must recite facts sufficient to at least "raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp.,* 550 U.S. at 555. In the undersigned's view, drawing all reasonable inferences in his favor, Plaintiff's complaint sufficiently alleges the elements of the claims he has asserted, and Carrington's motion to dismiss should be denied.

    ii.    <u>Violations of the discharge injunction</u>

Section 524(a)(2) ("Section 524") of the Bankruptcy Code provides that a discharge in bankruptcy operates as an injunction against any act by a debtor to collect, recover or offset any discharged debt as a personal liability of a debtor. This statutory injunction embodies the fresh start policy by which debtors are relieved of their personal liability for their discharged debts. *See, e.g., Canning v. Beneficial Maine, Inc.*, 706 F.3d 64, 69 (1st Cir. 2013). Defendant seeks dismissal of Plaintiff's claim under Section 524 on the bases that a debtor has no private right of

action under Section 524 and that the complaint fails adequately to allege a violation of the discharge injunction (Dkt. No. 12 at 5-6).  With respect to the first contention, in *Bessette v. Avco Fin. Servs.*, 230 F.3d 439 (1st Cir. 2000), the United States Court of Appeals for the First Circuit noted that whether a discharged debtor has "a private right of action for damages or sanctions under § 524" is a question that has divided federal courts.  *Id.* at 442 (collecting cases).  The First Circuit declined to decide the question on the grounds that a "remedy [wa]s readily and expressly available through another section of the Bankruptcy Code, namely § 105(a)," *id*. at 442, which, the *Bessette* court held, "provides a bankruptcy court with statutory contempt powers" to preserve rights provided in the Bankruptcy Code.  *Id.* at 444-445.  The First Circuit went on to hold that, because a discharge injunction is statutory in nature and not individually crafted by a bankruptcy judge, the federal district court as well as the bankruptcy court "is authorized to invoke its equitable powers under § 105 when necessary to carry out the provisions of the Bankruptcy Code."  *Id.* at 446 (citing *Jove Eng'g, Inc. v. IRS (In re Jove Eng'g, Inc.)*, 92 F.3d 1539, 1554 (11th Cir. 1996); *Green v. Drexler (In re Feit & Drexler, Inc.)*, 760 F.2d 406, 414-415 (2d Cir. 1985); *Malone v. Norwest Fin. Calif., Inc.*, 245 B.R. 389, 395-398 (E.D. Cal. 2000)).  It would elevate form over substance to dismiss claims Plaintiff has asserted under Section 524 simply because he failed to invoke the appropriate section of the Bankruptcy Code.  *See In re Lemieux*, 520 B.R. 361, 365 (Bankr. D. Mass. 2014); *see also Bessette*, 230 F.3d at 445 (§ 524 is enforceable through § 105).

As to the claim that the complaint fails to state a claim for violation of the discharge injunction, it is true that a discharge in bankruptcy "extinguishes *only* 'the personal liability of the debtor.'"  *Johnson v. Home State Bank*, 501 U.S. 78, 83 (1991) (quoting 11 U.S.C. § 524(a)(1)) (emphasis in original).  "The [Bankruptcy] Code provides that a creditor's right to

foreclose on the mortgage survives or passes through the bankruptcy." *Id.* (citing 11 U.S.C. §522(c)(2)). "[A] mortgagee [or an entity authorized to act for the mortgagee] may lawfully pursue its *in rem* rights through foreclosure after a discharge has entered," and, in aid of pursuing such *in rem* rights, may, within limits, communicate with a debtor who, after discharge, remains in possession of real estate subject to a mortgage that has passed through bankruptcy. *See generally In re Lemieux*, 520 B.R. at 361.

In the view of the undersigned, the complaint nonetheless adequately states a claim for violation of the discharge injunction. Drawing all reasonable inferences in Plaintiff's favor, Carrington may not have had *any* basis for communicating with Plaintiff. The complaint alleges that Plaintiff indicated in his bankruptcy petition his intention to surrender the real estate subject to the SunTrust mortgage. In the absence of evidence establishing Plaintiff's legal relationship to the real estate subject to the SunTrust mortgage at the point in time when Carrington assumed servicing responsibilities, it is possible that Carrington had no valid reason for communicating with Plaintiff about the SunTrust mortgage. If Plaintiff was no longer the owner of the real estate at the time Carrington communicated with him, Carrington is not entitled to dismissal of Plaintiff's claims because its communications cannot have been in aid of asserting valid *in rem* rights. *See In re Collins*, 374 B.R. 317, 321 (Bankr. D. Me. 2012) (party that has no contractual or *in rem* relationship with debtor not entitled to send letters asserting such a relationship).[2]

Assuming that Plaintiff *was* the owner of the Florida real estate when Carrington took over servicing the mortgage, in the court's view, the complaint still adequately alleges a violation

---

[2] At the hearing on Carrington's motion to dismiss, counsel for the defendant represented that Plaintiff was the owner of the real estate until recently, and that foreclosure has now occurred. These are, however, matters outside of the pleadings and not appropriate for consideration on a motion to dismiss. *See Trans-Spec Truck Serv., Inc. v. Caterpiller, Inc.*, 524 F.3d 315, 321 (1st Cir. 2008).

of the discharge injunction by Carrington.  Plaintiff alleges that after he received his discharge in bankruptcy, he received "collection calls" and a "debt collection notice" from an attorney representing Carrington, and that he had to go to the length of enlisting an attorney to warn off Carrington (Dkt. No. 1, ¶¶ 17, 19, 21, 44).  Plaintiff has alleged that these communications were for purposes of collecting payments from him on the SunTrust mortgage.  The United States Court of Appeals for the First Circuit observed, in a FDCPA case, that debt collection communications from an attorney "warrant closer scrutiny" because "[a]n attorney's imprimatur conveys authority[.]"  *Pollard v. Law Office of Mandy L. Spaulding*, 766 F.3d 98, 106 (1st Cir. 2014).  Defendant appears to contend that the complaint fails to state claim because Plaintiff has failed to specify the precise content of these telephone calls and the debt collection notice.  Detailed factual allegations are not necessary to survive a motion to dismiss.  *See Bell Atl. Corp.*, 550 U.S. at 555. While the "collection" label applied to Carrington's communications may be somewhat conclusory, the allegations, viewed in their entirety, sufficiently state a claim that Carrington's communications to Plaintiff were made so that Plaintiff would begin repaying the mortgage debt as a personal liability in violation of the discharge injunction.  *See Bibolotti v. Am. Home Mortg. Servicing, Inc.*, No. 4:11-CV-472, 2013 WL 2147949, at *13 (E.D. Tex. May 15, 2013).

   iii. <u>Violations of the federal and state fair debt collection practices acts</u>

The complaint also alleges that Carrington's post-discharge communications with him were illegal attempts to collect a debt in violation of the FDCPA.  The FDCPA exempts "'the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned.'"  *Id.* at *17 (quoting *Perry v. Stewart Title Co.*, 756 F. 2d, 1197, 1208 (5th Cir.), *modified on other grounds*, 761 F.2d 237 (5th Cir. 1985)).

Because it may fairly be inferred from the complaint that the SunTrust mortgage was in default when the mortgage was assigned to Carrington for servicing, Carrington is not exempted from the statutory definition of a debt collector (Dkt. No. 1, ¶¶ 15-17).

The FDCPA proscribes "any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. In order to prevail on a FDCPA claim, a plaintiff "must prove that (1) he was the object of collection activity arising from consumer debt; (2) the defendant is a debt collector within the meaning of the statute; and (3) the defendant engaged in a prohibited act or omission under the FDCPA." *Krasnor v. Spaulding Law Office*, 675 F. Supp. 2d 208, 211 (D. Mass. 2009). For purposes of evaluating whether a debt collector's actions were wrongful, its activities are viewed from the perspective of a hypothetical unsophisticated consumer. *See Pollard v. Law Office of Mandy L. Spaulding*, 766 F.3d 98, 103-104 (1st Cir. 2014); *Devlin v. Law Offices of Howard Lee Schiff, P.C.*, C.A. No. 11-11902-JGD, 2012 WL 4469139, at *5 (D. Mass. Sept. 25, 2012). Here, Plaintiff alleges that, after his bankruptcy discharge, which eliminated his personal liability for the SunTrust mortgage, he received telephone calls and a debt collection notice from an attorney representing Carrington. He further alleges that, on or around May 8, 2014, after a call to Carrington from an attorney representing Plaintiff, who notified Carrington that all collection efforts should cease because Plaintiff was not liable for payments on the loan, he received a letter from Carrington representing that Selene Finance LP would be "collecting his mortgage loan payments" in the future (Dkt. No. 1, ¶¶ 17-21).

Carrington asserts that Plaintiff's FDCPA claims are subject to dismissal on statute of limitations grounds (Dkt. No. 12 at 3). "'District courts are not of a single view as to how the one-year statute of limitations for the FDCPA applies to a course of conduct, some of which

<s>Case 3:15-cv-30007-MAP   Document 22   Filed 08/17/15   Page 8 of 10

occurred within the limitation period and some of which preceded it.'" *Devlin,* 2012 WL 4469139, at *7 (quoting *Arvie v. Dodeka, LLC*, Civ. Action No. H-09-1076, 2010 WL 4312907, at *7 (S.D. Tex. Oct. 25, 2010)). Some courts have applied a "continuing violation" theory, where, if the acts complained of are related, and the plaintiff files within a year of the last act allegedly constituting a violation, the complaint is considered timely. Other courts have held that each separate collection communication may constitute a separate FDCPA violation, commencing a new limitations period. *See Devlin*, 2012 WL 4469139, at *7.

It may fairly be inferred from the complaint that the communications alleged in paragraph 17 occurred more than a year before the January 16, 2015 filing date of the complaint at bar. The complaint further alleges, however, that Carrington sent Plaintiff at least one communication within the one-year limitation period, that being the May 8, 2014 communication notifying Plaintiff that Selene Finance LLP would be collecting his future mortgage loan payments (Dkt. No. 1, ¶¶ 21-22). Dismissal on statute of limitations grounds at this point in this litigation would be appropriate only if "the court's review of the complaint . . . [left] no doubt that the plaintiff's action is barred by the asserted defense.'" *Silvestri v. Smith*, Civil Action No. 14-13137-FDS, 2015 WL 1781761, at *6 (D. Mass. Apr. 17, 2015) (quoting *Trans-Spec Truck Servicing, Inc.*, 524 F.3d at 320). That is not the case. There is a relationship between the May 8, 2014 communication and the earlier communications from Carrington to Plaintiff because it is alleged that all of the communications related to Carrington's role in servicing the SunTrust mortgage. Under the continuing violation doctrine, Carrington's conduct should be assessed on the basis of all of its communications to Plaintiff. Further, the May 8, 2014 letter, on its own, can be read to imply that Plaintiff has an obligation to make payments on the SunTrust mortgage to Carrington until June 1, 2014 and to Selene Finance, LP, beginning on or after June 2, 2014

(Dkt. No. 12-1 at 1).[3] Plaintiff's personal liability on the SunTrust mortgage was discharged in bankruptcy, and he had no obligation to make payments to Carrington or to Selene Finance, LP. *See Johnson*, 501 U.S. at 500-501. Thus, "suit may be timely either because [Carrington] engaged in pattern of wrongful conduct under a continuing violation theory or because the [May 2014] letter was a discrete act and was within the statutory period. Under such circumstances, this court is not prepared to conclude that the FDCPA claim is untimely at the motion to dismiss stage." *Devlin*, 2012 WL 4469139, at *7.

> The state counterpart to the [FDCPA], Mass. Gen. Laws ch. 93, § 49, titled 'Debt collection in an unfair, deceptive or unreasonable manner,' provides generally that '[n]o one who is a creditor or an attorney for a creditor, or an assignee of a creditor, of a natural person residing in Massachusetts who has incurred a debt primarily for personal, family or household purposes shall collect or attempt to collect such debt in an unfair, deceptive or unreasonable manner. Mass. Gen. Laws ch. 93, § 49.

*O'Connor v. Nantucket Bank*, 992 F. Supp. 2d 24, 33 (D. Mass. 2014). Carrington is correct that Plaintiff cannot assert a right to relief under section 49 of Massachusetts General Laws ch. 93 because this statute "provides no private right of action." *Id.* Claims under section 49, however, may form the basis of liability under Massachusetts General Laws ch. 93A. "[V]iolations of the FDCPA are *per se* violations of ch. 93A." *Devlin*, 2012 WL 4469139, at *7. Again, it would elevate form over substance to dismiss claims asserted on the basis of Massachusetts's fair debt collection practices legislation when such claims are cognizable under Chapter 93A. *See O'Connor*, 992 F. Supp. 2d at

---

[3] Carrington submitted a copy of the May 8, 2014 notice in support of its motion to dismiss (Dkt. No. 12-1), and Plaintiff referred to the content of the letter in his opposition to Carrington's motion to dismiss (Dkt. No. 14 at 6-7). In view of the fact that the May 8, 2014 notice was specifically referenced in the complaint, it may be considered by the court in connection with the motion to dismiss. *See, e.g., Trans-Spec Truck Serv., Inc.*, 524 F.3d at 321 (district court may consider document integral to complaint the authenticity of which is not challenged in connection with motion to dismiss).

34 (dismissing claims under section 49 except to the extent they formed basis for liability under Chapter 93A); *In re Lemieux*, 526 B.R. at 365.

    iv.    CONCLUSION

This case may well be amenable to resolution by dispositive motion. *See Pollard*, 766 F.3d at 103 n.3 (although First Circuit has not ruled, weight of authority is to effect that whether collection letter violates FDCPA is question of law); *In re Lemieux*, 520 B.R. at 361 (resolving as matter of law whether mortgage servicing entity's communications were in contempt of discharge injunction). The issues raised in the motion to dismiss, however, cannot be resolved without reference to matters beyond the four corners of the complaint and documents specifically referenced therein. For the reasons set forth above, the undersigned recommends that Carrington's motion to dismiss be DENIED.[4]

DATED: August 17, 2015

                                        /s/ Katherine A. Robertson
                                        KATHERINE A. ROBERTSON
                                        U. S. MAGISTRATE JUDGE

---

[4] The parties are advised that under the provisions of Fed. R. Civ. P. 72(b) or Fed. R. Crim. P. 59(b), any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court **within fourteen (14) days** of the party's receipt of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-79 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980). *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.