UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO.: 3:15-CV-30007-MAP

_____
)
JOSEPH SEKLECKI, JR.,                          )
                                               )
       Plaintiff                       )
                                               )
v.                                             )
                                               )
                                               )
CARRINGTON MORTGAGE SERVICES,                  )
LLC and SELENE FINANCE, LP,                    )
                                               )
       Defendants                      )
_____)

## ANSWER OF THE DEFENDANT CARRINGTON MORTGAGE SERVICES, LLC

## INTRODUCTION

1. No response necessary.  Calls for conclusions of law.

2. The Defendant denies that it violated any law pertaining to the Plaintiff's discharge in Bankruptcy.

3. The Defendant admits that it is engaged in the servicing and collecting of defaulted mortgage loans.

4. The Defendant admits that servicing rights can be sold.

5. No response necessary.  The Plaintiff uses the general term "servicers" and does not name the Defendant. To the extent a response is necessary the Defendant denies the allegation.

## JURISDICTION

6. No response necessary. Calls for conclusions of law.

7. No response necessary. Calls for conclusions of law.

## PARTIES

8. No response necessary.   The public record speaks for itself.

9. Admit.

10. The Defendant has insufficient information to either admit or deny.

## FACTUAL BACKGROUND

11. No response necessary.   The public record speaks for itself.

12. No response necessary. The filings speak for themselves.

13. No response necessary. The document and public filings speak for themselves.

14. The Defendant has insufficient information to either admit or deny.

15. No response necessary. The filings speak for themselves.

16. No response necessary. The filing speaks for itself.

17. The Defendant is insufficient information to admit or deny if any calls from an attorney representing it or if a debt collection notice was sent by an attorney representing it.

18. Admit.

19. No response necessary. If any such document exists it speaks for itself.

20. The Defendant is insufficient information to admit or deny.

21. No response necessary. Any such document speaks for itself.

22. No response necessary. Any such document speaks for itself.

23. The Defendant is insufficient information to admit or deny.

x

24. The Defendant is insufficient information to admit or deny.

25. The Defendant is insufficient information to admit or deny.

## COUNT I

Violation of the Fair Debt Collection Practice Act (FDCPA)

26. Defendant repeats and realleges its responses to paragraphs 1 through 25.

27. No response necessary. Calls for conclusions of law.

28. No response necessary. The document and public filings speak for themselves.

29. No response necessary. Calls for conclusions of law.

30. No response necessary. Calls for conclusions of law. To the extent a response is required the Defendant denies the allegation.

31. No response necessary. Calls for conclusions of law. To the extent a response is required the Defendant denies the allegation.

32. No response necessary. Calls for conclusions of law. To the extent a response is required the Defendant denies that it violated any debt collection law or the bankruptcy code.

33. No response necessary. Calls for conclusions of law. To the extent a response is required the Defendant denies the allegation.

## COUNT II

Violation of the Massachusetts Fair Debt Collection Practices Act

34. Defendant repeats and realleges its responses to paragraphs 1 through 25.

35. No response necessary. Calls for conclusions of law.

36. No response necessary. Calls for conclusions of law. To the extent a response is required the Defendant denies the allegation.

37. No response necessary. Calls for conclusions of law.

38. No response necessary. The regulations speak for themselves.

39. No response necessary. The regulations speak for themselves.

40. No response necessary. Calls for conclusions of law. To the extent a response is required the Defendant denies the allegation.

## COUNT III

Violation of the Discharge Injunction

41. Defendant repeats and realleges its responses to paragraphs 1 through 25.

42. No response necessary. The filings speak for themselves.

43. The Defendant admits that it was aware of the bankruptcy discharge, but does not have a copy of the alleged notice referred to in the allegation.

44. No response necessary. Calls for conclusions of law. To the extent a response is required the Defendant denies the allegation.

45. No response necessary. Calls for conclusions of law. To the extent a response is required the Defendant denies the allegation.

46. No response necessary. Calls for conclusions of law. The filings speak for themselves.

47. The Defendant is insufficient information to admit or deny.

48. No response necessary. Calls for conclusions of law. To the extent a response is required the Defendant denies the allegation.

## PRAYER FOR RELIEF

1. The Defendant denies that it is responsible for any damages;

2. The Defendant denies that it is responsible for any damages;

3. The Defendant denies that it is liable under the Massachusetts Fair Debt Collection Practices Act or M.G.L. c. 93A;

4. The Defendant denies that it violated the discharge injunction;

5. The Defendant respectfully requests this Court to deny liability and damages.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Plaintiffs fail to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The Plaintiffs' claims are time barred.

### THIRD AFFIRMATIVE DEFENSE

The Plaintiffs are barred from recovery due to laches.

### FOURTH AFFIRMATIVE DEFENSE

The Plaintiffs claims are barred from recovery by the Statute of Frauds.

### FIFTH AFFIRMATIVE DEFENSE

The Plaintiffs are barred from recovery due to failure or lack of consideration.

### SIXTH AFFIRMATIVE DEFENSE

The Plaintiffs are barred from recovery due to unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE

The Plaintiffs are barred from recovery because the Plaintiffs waved any claims they might have against the Defendants.

### EIGHTH AFFIRMATIVE DEFENSE

The Plaintiffs have failed to mitigate their damages.

## NINTH AFFIRMATIVE DEFENSE

The Plaintiffs were contributory or comparatively negligent.

## TENTH AFFIRMATIVE DEFENSE

The Plaintiffs are estopped from bringing their claims.

## ELEVENTH AFFIRMATIVE DEFENSE

The Plaintiffs lack standing to bring their claims.

## TWELFTH AFFIRMATIVE DEFENSE

The Plaintiffs have failed to name and indispensable party to this action, namely the current holder of the mortgage.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Plaintiffs claims are barred due to the fact that there is no private right of action.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Defendant is not a proper party to this action.

                                          Respectfully submitted,
                                          Carrington Mortgage Services, LLC
                                          By its attorney,

Date: 9/25/15                     /s/ John T. Precobb_____
                                          John T. Precobb, Esq BBO#561931
                                          jprecobb@cohnanddussi.com
                                          Cohn & Dussi, LLC
                                          300 Trade Center, Suite 3700
                                          Woburn, MA 01801
                                          (781) 494-0200

                                          Joseph Seklecki, Jr.
                                          By his attorney,

/s/ Kenneth J. Gogel, Esq.
Kenneth J. Gogel, Esq. BBO#547968
kgogel@gogel-gogel.com
21 Mattoon St.
Springfield, MA 01105
(413)-788-5683

**CERTIFICATE OF SERVICE**

I, John T. Precobb, hereby certify that I will serve a paper copy of this document on all non-registered participants this the 24th day of March, 2015.

                                                                  /s/ John T. Precobb_____
                                                                  John T. Precobb